IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY ATKINSON, | : | |
| | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| v. | : | No. 21-4111 |
| | : | |
| INTERNAL REVENUE SERVICE | : | |
| PHILADELPHIA BRANCH, | : | |
| | : | |
| *Defendant.* | : | |

<u>MEMORANDUM</u>

**KENNEY, J.**                                                                                         **August 9, 2022**

**I.     INTRODUCTION**

In this suit, *pro se* Plaintiff Gary Atkinson brings a claim against Defendant Internal Revenue Service ("IRS") for failure to pay his tax refund. ECF No. 1.[1]

Before the Court is Defendant IRS's partial Motion to Dismiss for lack of subject matter jurisdiction regarding the refund claim for tax year 2021 pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 21. For the reasons stated below, the Motion to Dismiss is granted.

**II.    BACKGROUND**

On September 14, 2021, Plaintiff filed a short complaint alleging that he filed his 1040 tax form for Economic Impact Payments (EIPs) and has not yet received any payments. ECF No. 1. Plaintiff requests that the IRS pay Plaintiff $3200 plus interest. No other facts are alleged. On August 2, 2022, Defendant IRS submitted this partial Motion to Dismiss. ECF No. 21.

In its Motion, the IRS details the purpose of and procedure for obtaining EIPs from the government. Congress passed the CARES Act during the Covid-19 pandemic, which, in part,

---

[1] Defendant points out that the United States is the real party of interest in this case and that the IRS Philadelphia Branch was improperly named as Defendant. ECF No. 21-1 at 1. However, Defendant did not motion to amend or correct the caption and, therefore, the Court will continue to refer to Defendant as the IRS.

1

provided EIPs for qualified individuals in three rounds of payments. ECF No. 21-1 at 2. Each round offered $1200, $600, and $1400, respectively. *Id*. These payments were provided either by paper check, direct deposit, or as credits on an individual's tax return in the form of a tax refund. *Id*. According to the IRS, the first and second rounds of payments must have been claimed on a return for tax year 2020 and the third round must be claimed on a return for tax year 2021. *Id*. The IRS interprets Plaintiff's suit as two claims for refund, a refund for tax year 2020 of $1800 (EIP 1 and EIP 2) and a refund for tax year 2021 of $1400 (EIP 3). ECF No. 21-1 at 1.

### III.     STANDARD OF REVIEW

Under Rule 12(b)(1), a defendant may move to dismiss a complaint based on a court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction differs from a Rule 12(b)(6) motion to dismiss for failure to state a claim because a 12(b)(1) motion assesses the court's jurisdiction, whereas a 12(b)(6) motion assesses a claim's merits." *Spadoni v. Easton Area Sch. Dist.*, 2008 WL 2169525, at *4 (E.D. Pa. May 23, 2008). A motion to dismiss pursuant to Rule 12(b)(1) challenges the Plaintiff's right to be heard in federal court. *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 428 (D.N.J. 1999); *see also Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." *Petruska*, 462 F.3d at 302 n.3.

Since the Rule 12(b)(1) motion is filed prior to an answer, "it will be considered a facial challenge to jurisdiction." *Hendrick v. Aramark Corp.*, 263 F. Supp. 3d 514, 517 (E.D. Pa. 2017). "When considering such a facial challenge, a court must apply the same standard of review that would apply on a motion to dismiss under Rule 12(b)(6). As such, well-pleaded factual allegations are taken as true, and reasonable inferences are drawn in the plaintiff's favor." *Id*.

IV.    DISCUSSION

Defendant IRS moves to dismiss Plaintiff's claim for the tax year 2021 amounting to a refund of $1400. ECF No. 21-1 at 3. According to the IRS, round 1 and round 2 of EIPs must be claimed on a 2020 tax return, while round 3 must be claimed on a 2021 tax return, and, therefore, the claims are separate. *Id*; *see also* 26 U.S.C. § 6428B(a). The IRS continues that Plaintiff's 2021 claim should be dismissed for lack of subject matter jurisdiction because the government has not waived its sovereign immunity. ECF No. 21-1 at 3.

"Absent a waiver, the doctrine of sovereign immunity shields from suit the United States and its agencies[.]" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "This principle must be construed strictly in the government's favor." *Komlo v. United States*, 657 F. App'x 85, 87 (3d Cir. 2016) (citing *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992)). Congress created conditional waiver of this immunity and federal court jurisdiction in civil actions for the recovery of any internal-revenue tax refund. 28 U.S.C. § 1346; *Komlo*, 657 F. App'x at 87 ("The jurisdictional basis for refund claims is 28 U.S.C. § 1346"). A taxpayer may sue the government but "[b]efore filing such a lawsuit, however, the taxpayer *must* file a timely claim for a refund or credit with the Secretary of the Treasury." *Good v. I.R.S.*, 629 Fed.Appx. 185, 188 (3d Cir. 2015) (emphasis in original); *see also* 26 U.S.C. § 7422(a); *Phila. Marine Trade Ass'n–Int'l Longshoremen's Ass'n Pension Fund v. Comm'r,* 523 F.3d 140, 146 (3d Cir.2008) (explaining that this requirement "is a prerequisite to federal jurisdiction"). Therefore, the taxpayer must file and pay his or her taxes first. *See* ("[i]t has been the uniform rule that a taxpayer must pay the full amount of a tax assessment or penalty before he can challenge its validity in a civil action in the United States district court under 28 U.S.C. § 1346.") *Komlo*, 657 F. App'x at 87 (internal citation omitted);

3

*see also Koss v. United States*, 69 F.3d 705, 708 (3d Cir. 1995) ("[A] taxpayer filing suit for an income tax refund must pay the full amount of the tax prior to filing the suit.").

The taxpayer "must also file an administrative claim with the IRS before filing an action and wait six months before bringing a claim in a district court unless the IRS decides the claim earlier." *Gonzalez v. Dep't of the Treasury Internal Revenue Serv.*, 2021 WL 4318053, at *2 (E.D. Pa. Sept. 22, 2021); *see also Minuti v. I.R.S.*, 502 F. App'x 161, 162 (3d Cir. 2012) ("A taxpayer filing suit to recover a tax refund must submit a claim for the refund to the IRS and then wait six months to file suit in federal court, unless the IRS renders a decision on the claim before that six-month period expires."). "Therefore, to invoke the federal court's jurisdiction within that six-month time period, the taxpayer must show that he submitted the refund claim and that the IRS rendered a decision with respect to that claim." *Minuti*, 502 F. App'x at 162 (dismissing a premature tax refund suit for lack of subject matter jurisdiction).

Here, Plaintiff provided no facts to establish whether he had filed his tax returns for the years 2020 and 2021, or when such forms were filed, beyond stating he "filed [his] 1040 tax form[.]" ECF No. 1 at 1. There is also no indication that Plaintiff waited the required six months before filing this suit or that Plaintiff submitted a refund claim to the IRS and received a decision with respect to that claim. Generally, the Court would construe the *pro se* complaint broadly and allow Plaintiff an opportunity to amend, adding facts to support the Court's jurisdiction over his claim. However, any amendment would be futile in this case as the refund claim for tax year 2021 could not possibly have complied with the above requirements for waiving sovereign immunity.

Plaintiff filed this suit on September 14, 2021, claiming EIPs for both the tax year 2020 and tax year 2021. The IRS did not begin accepting returns for tax year 2021 until January 24,

2022, more than four months *after* Plaintiff filed in Court. ECF No. 21-1 at 4. Thus, it is impossible that Plaintiff could have filed and paid his taxes for the tax year 2021 before starting litigation. And it is certainly impossible that Plaintiff could have waited the six-month period for the IRS to consider Plaintiff's request for a refund before Plaintiff brought this suit. As sovereign immunity has not been waived for the refund claim for tax year 2021, this claim is premature and will be dismissed.

### V.     CONCLUSION

For the foregoing reasons, this Court grants IRS's partial Motion to Dismiss and the tax refund claim for the year 2021 is dismissed without prejudice.

**BY THE COURT:**

/s/ Chad F. Kenney
**CHAD F. KENNEY, JUDGE**